NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 6, 2018
Decided August 3, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1528

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:15-cr-00122-wmc-5 |
| TERRANCE D. JACKSON, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

Terrance Jackson pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin in violation of 18 U.S.C. § 846. The probation office prepared a presentence report ("PSR"), concluding that Mr. Jackson was a career offender because of a 2005 conviction for armed robbery and a 2011 conviction for possession with intent to distribute heroin. The PSR therefore employed the career-offender guideline and set his base offense level at 37. Combined with a criminal history category of VI, the resulting sentencing range was 262 to 327 months.

The district court agreed that Mr. Jackson was a career offender under the

Guidelines. However, it was not persuaded that the resulting sentencing range properly accounted for Mr. Jackson's personal history and characteristics. The court therefore sentenced him to 180 months' imprisonment and imposed an eight-year term of supervised release.

Mr. Jackson filed a notice of appeal, but his appointed counsel moved to withdraw because she could not identify a nonfrivolous argument to present. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Jackson has not responded to his counsel's submission. *See* 7th Cir. R. 51(e). We therefore address only those potential issues identified by counsel in her facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). We have conducted an independent review of those issues and the record, and, like counsel, we conclude that there are no nonfrivolous bases for appeal.

Counsel first considers whether Mr. Jackson may attack his guilty plea. She notes that a guilty plea waives all nonjurisdictional defects in the proceedings. *See United States v. Markling*, 7 F.3d 1309, 1312 (7th Cir. 1993). Following our instruction in *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel consulted with Mr. Jackson about whether he wished to seek a withdrawal of his guilty plea. He did not. Therefore, whether Mr. Jackson's plea was knowing and voluntary is not an issue for appeal.

Counsel then turns to potential attacks on Mr. Jackson's sentence. At Mr. Jackson's request, counsel considers challenging the career-offender guideline as unconstitutionally vague. However, *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), which "h[e]ld that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause," forecloses that argument.

Counsel next considers a challenge to Mr. Jackson's sentence based on the calculation of the amount of heroin for which he was held responsible. Before the district court, Mr. Jackson argued that he was responsible only for 400 to 700 grams, which would have resulted in an offense level of 26 under U.S.S.G. § 2D1.1. By contrast, the PSR placed this amount, conservatively, at 1,100 grams. The district court attributed to Mr. Jackson at least 1,000 grams of heroin, corresponding to a base offense level of 30.[1]

Counsel reasons that, because the district court determined that Mr. Jackson was a career offender under U.S.S.G. § 4B1.1, carrying a base offense level of 37, the calculation of the drug amount for the conspiracy under U.S.S.G. § 2D1.1 played no part

---

[1] *See* R.373 at 4.

in his sentence. The district court did conclude that Mr. Jackson was a career offender.[2] However, it also compared Mr. Jackson's sentencing range as a career offender to what his sentence would have been if it had employed U.S.S.G. § 2D1.1 and noted these were "radically different guideline range[s]."[3] Ultimately, the district court concluded that a sentence under the career-offender guideline was not appropriate and sentenced Mr. Jackson to 180 months' imprisonment—a sentence within the guideline range for his conspiracy conviction (168 to 210 months). Therefore, we cannot say with absolute certainty that the calculation of the drug amount did not affect the district court's sentencing determination.

Even if the drug calculation did affect the district court's sentencing decision, however, there is no nonfrivolous argument to be made that the district court clearly erred in attributing at least 1,000 grams of heroin to Mr. Jackson. *See, e.g.*, *United States v. Austin*, 806 F.3d 425, 430 (7th Cir. 2015) (applying clear error standard to calculation of drug quantity). Mr. Jackson's argument before the district court sought to limit his responsibility to the drugs that he personally distributed or retrieved from suppliers, but his responsibility is not so narrow. It extends to all acts and omissions of coconspirators during the course of the charged conspiracy "that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Moreover, the Government only must prove the quantity of drugs attributable to the defendant by a preponderance of the evidence. *Austin*, 806 F.3d at 430. The evidence establishes by a preponderance of the evidence that, from January 2015 through June 2015, Mr. Jackson was part of a conspiracy that provided numerous customers with a daily supply of heroin (.5 to 1 gram), that provided larger quantities to sub-distributors every three to four days, and that purchased heroin in bulk (300 grams) from a supplier in Chicago. Based on this evidence, Mr. Jackson was responsible easily for 1,000 or more grams of heroin.

Counsel also assesses whether there was error in the district court's use of the 2016 Guidelines rather than the 2014 Guidelines. Because Mr. Jackson's sentence was imposed in March 2017, the PSR calculated his sentence using the November 2016 version of the Guidelines. However, Mr. Jackson pleaded guilty to a conspiracy that took place from January 15, 2015, to June 28, 2015. The November 2014 Guidelines therefore would apply to Mr. Jackson if those guidelines resulted in a lower sentencing range. *See Peugh v. United States*, 569 U.S. 530, 533 (2013). The 2014 Guidelines, however,

---

[2] *See id*. at 7.

[3] *Id*. at 7–8.

result in the same sentencing range as the 2016 Guidelines.

Counsel also considers whether the district court committed any procedural error in imposing Mr. Jackson's sentence. In imposing sentence, the district court employed the correct guideline, evaluated the factors in 18 U.S.C. § 3553(a), and addressed all of Mr. Jackson's principal arguments for a below-guidelines sentence. *See United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012). It then imposed a sentence that is eighty-two months below the low end of the applicable sentencing range. Additionally, the term of supervised release imposed was required by statute, *see* 21 U.S.C. § 841(b)(1)(B), and Mr. Jackson affirmatively waived any challenge to the conditions of supervised release. Consequently, there is no basis for levying a procedural or substantive challenge to Mr. Jackson's sentence.

For these reasons, we grant counsel's motion to withdraw and dismiss the appeal.

APPEAL DISMISSED